|.THOMAS C. WICKER, Jr., Judge Pro Tem.
Defendant, Truong Nguyen, was convicted of attempted disarming of a police officer in violation of La. R.S. 14:27:34.6 and he was sentenced to two and one-half years at hard labor. Pursuant to a multiple bill filed by the State, defendant admitted to being a second felony offender. The trial court vacated the defendant’s original sentence and re-sentenced the defendant to three years at hard labor without benefit of probation, or suspension of sentence. This appeal followed.
At trial, Jefferson Parish Deputy John Pearson testified that, on May 30, 1999, he was on patrol in a marked police unit and was wearing his uniform. At approximately 5:00 p.m., he stopped the vehicle driven by the defendant on Nicole Boulevard in Avondale because he observed the defendant speeding in a residential area. As the officer approached the car, the defendant sped away. After a brief chase, the defendant stopped again, and then fled on foot. Deputy Pearson chased the defendant on foot, and during the pursuit, the defendant and the officer collided into one another and fell to the ground.
| .While Deputy Pearson attempted to handcuff the defendant, the deputy saw the defendant trying to remove the officer’s gun from the holster. Deputy Pearson said that, during the struggle, the defendant said that the officer would have to shoot him because he was not going to jail. Ultimately, Deputy Pearson successfully secured the gun in the holster and eventually handcuffed the defendant. The defendant sustained bruises and scratches during the clash with the officer, and he went to the hospital. Deputy Pearson issued traffic citations to the defendant for carelessly operating the vehicle, for failing to have a driver’s license, and because the defendant had no proof of liability insurance.
Deputy Pearson made a call for backup over the police radio and Deputy George Castaneda responded. However, by the time Deputy Castaneda arrived, the defendant was already handcuffed. Deputy Castaneda called the paramedics because Deputy Pearson was having severe difficulty breathing because of the heat and the struggle with the defendant.
*1279 At trial, defendant and his witnesses, who lived in the area of the police chase, presented a different version of the events, Hung Cao said he saw the police car chasing the defendant’s car at a high rate of speed. According to Mr. Cao, when the defendant fell to the ground during the foot-chase, Deputy Pearson attacked him, lifted the defendant into the air, and body-slammed the defendant into the concrete while screaming, “Justice is served.” Mr. Cao said he never saw the defendant attempt to take the officer’s gun. Mr. Cao said he thought the defendant appeared to be lying unconscious after being battered by Deputy Pearson. The testimony of ^Barbara Abies, Daniel Tran, and Scott Truong was similar to that of Mr. Cao.
The defendant admitted that he was on probation for simple burglary at the time of the instant incident. The defendant, who was 22 at the time of trial, said that he had just purchased some beer at a Shell station, and admitted he had been speeding before Deputy Pearson signaled him to pull over. Figuring that the officer was stopping him because he had the beer in his car, he sped away. Like his witnesses, the defendant claimed that Deputy Pearson struck and kicked him after he tripped and fell during the foot-chase. Defendant also claimed that he had passed out from the blows inflicted by the officer. Finally, defendant denied attempting to disarm the officer.
In' the present case, defense counsel filed a brief following the procedure approved by the United States Supreme Court in Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), reh. denied, 388 U.S. 924, 87 S.Ct. 2094, 18 L.Ed.2d 1377 (1967), discussed in State v. Benjamin, 573 So.2d 528 (La.App. 4 Cir. 1990) and adopted by this court in State v. Bradford, 95-929, 95-930 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108.
In State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241, the Supreme Court revisited the procedures outlined in State v. Benjamin, and stated that, “the brief filed by counsel must review not only the procedural history of the case and the evidence presented at trial but must also provide ... a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place.” State v. Jyles, at 242. See also, State v. Mowton, 95-0981 (La.4/28/95), 653 So.2d 1176. We find that appellate counsel has complied with this mandate. This court has conducted a review of the record for errors patent. La. C.Cr.P. art 920. The record reveals no error patent that would warrant reversal in this case.
For the above discussed reasons, the defendant’s conviction and sentence are affirmed.
AFFIRMED.